## SUPPLEMENTAL FACTS RELATING TO INTERVENORS JERRI JAMES AND ROBERT DAVIS

**Jeri James**

145. Jeri James has been eligible for Medicaid for several years and has been subject to a "spend-down" requirement for the last year. Ms. James must meet a spend-down obligation every six months to actually receive Medicaid benefits.

146. On December 20, 2012, DSS advised Ms. James in writing that her spend-down amount was $540.42 for the six month period January 1 through June 30, 2013, meaning that she had to present medical expenses adding up to this amount to qualify for Medicaid for the remainder of this period.

147. Prior to this six month spend-down period, medical bills necessary to qualify for spend-down were required to be submitted by Ms. James directly to the DSS regional office.

148. A letter dated December 21, 2012 was sent to Ms. James by HUSKY Spend-down Processing Center, Xerox-- DSS's spend-down contractor-- advising her to submit medical bills to: HUSKY Spend-down Processing Center. Included with this letter were business reply envelopes with the address of the HUSKY Spend-down Processing Center

149. On February 13, 2013, Ms. James hand-delivered medical bills totaling $738.40, an amount in excess of her spend-down obligation for the January 1 to June 30, 2013 spend-down period, to DSS by placing the documents in a lock box located in the DSS New Haven, Connecticut Regional Office. The medical bills Ms. James delivered to DSS on February 13, 2013 were identical to the documents attached to her Affidavit in support of her Motion to Intervene and clearly included her name and her address.

150. From February 13, 2013 to April 18, 2013, these medical bills all were in the DSS New Haven Office.

EXHIBIT A1

151. As of the date of Ms. James motion to intervene, April 18, 2013, Ms. James Medicaid status was inactive because DSS records (EMS) did not show that she had met her spend-down obligation for January 1 through June 30, 2013.

152. The medical bills submitted to the DSS New Haven office by Ms. James on February 13, 2013 were neither processed by the DSS New Haven office nor sent to the DSS contractor, HUSKY Spend-down Processing Center, Xerox, for processing, from February 13, 2013 to April 22, 2013.

153. DSS processed Ms. James medical bills, submitted by her on February 13, 2013, on April 22, 2013, and applied this amount to her spend-down amount. On April 22, 2013, Ms. James' Medicaid status became active, retroactive to February 1, 2013, based on these bills submitted on February 13, 2013.

**Robert Davis**

154. September 25, 2012: Attorney George Bickford's Office mailed Mr. Davis's Medicaid Waiver Home Care application to New Britain office of DSS with the verifications that they had in their possession.

155. September 27, 2012: Application for Medicaid received by DSS.

156. November 13, 2012: DSS mailed to George Bickford's office first W-1348 dated November 11, 2012 with due date of November 22, 2012, for requested items.

157. November 20, 2012: George Bickford's office sent to DSS by Federal Express Priority Overnight all items available to them that was responsive to first W-1348. Delivery to DSS completed by Federal Express on November 23, 2012.

158. November 29, 2012: George Bickford's office mailed to DSS additional items responsive to first W-1348.

159. December 5, 2012: George Bickford's office faxed to DSS one additional item responsive to first W-1348.

160. December 11, 2012: George Bickford's office mailed to DSS two additional items responsive to first W-1348.

161. December 19, 2012: George Bickford's office faxed and mailed to DSS additional item responsive to first W-1348.

162. January 7, 2013: George Bickford's office faxed and mailed a letter to DSS with additional information.

163. January 25, 2013: George Bickford's office faxed and mailed to DSS a letter stating its belief that all requested verifications had been provided.

164. February 6, 2013: George Bickford's office faxed a request for an administrative hearing to DSS hearing office.

165. February 6, 2013: DSS faxed to Attorney Bickford's office a second W-1348 with due date of February 17, 2013, for additional requested items.

166. February 14, 2013: George Bickford's office mailed to DSS items requested in second W-1348 and additional items which had not been requested but which were sent to ensure DSS had most current information.

167. March 9, 2013: DSS mailed a third W-1348 to Attorney Bickford's office with due date of March 20, 2013, for requested items.

168. March 15, 2013: George Bickford's office received a Notice of Administrative Hearing scheduled for April 10, 2013.

169. March 15, 2013: George Bickford's office faxed to DSS items responsive to the third W-1348.

170.   March 20, 2013: Motion to Intervene filed in *Shafer v. Bremby*

171.   April 9, 2013: DSS granted Mr. Davis' application.