## LIST OF EXHIBITS WITH OBJECTIONS

The parties jointly amend their Joint Trial Memorandum, dated March 29, 2013  to include

additional exhibits and to state the exhibits to which each party objects.

## PLAINTIFFS' TRIAL EXHIBITS

(Unless marked with an * the following the parties stipulate that the following exhibits may be
admitted as full exhibits)

1. 9/23/11 Letter from DSS to Paul Shafer re pending application

2. 6/27/11 DSS Notice to Joshua Harder re spend-down obligation

3. DSS 2002 Town by Town Report re Medicaid enrollment statewide

4. General Assembly,  Program Review and Investigations Committee Report, "Medicaid
   Eligibility Determination Process" (December 2004) *

   OBJECTION: Defendant objects to the admission of Exhibit 4 on relevancy grounds
   given that the information is   dated and further given that it largely relates to issues such
   as staffing which the defendant maintains are not relevant to liability.

5. February 2011 DSS PowerPoint presentation on SNAP (number of DSS employees
   involved in eligibility determinations) *

   OBJECTION: Defendant objects to the admission of Exhibit 5 on relevancy grounds
   given that the document largely addresses the SNAP program (not at issue in this  case)
   and further given that the document addresses issues such as staffing, which is not
   relevant to liability.

6. September  5, 2012 email from Hugh Barber forwarding email response from Astread
   Ferron-Poole regarding numbers of DSS eligibility workers *

   OBJECTION: Defendant objects to the admission of Exhibit 6 on relevancy grounds
   since the documents relate to  staffing, which is not relevant to liability.

7. Alvarez Stipulation I (1990) *

8. Alvarez Stipulation II (1991) *

9. Alvarez Stipulation III (1992) *

   OBJECTION: Defendant objects to Exhibits 7, 8, and 9 on relevancy grounds



EXHIBIT
A-2

10. Memo re delay codes from Commissioner Bremby (Feb. 9, 2012)

11. Memo re delay codes from Silvana Flattery (Feb. 9, 2012)

12. Blank DSS Verification Form 1348

13. Email string, Freer to Dunn and Dunn to Freer (Bates 354)

14. Marc Shok's September 20, 2012 email to DSS-DL Eligibility Staff re Spend Down Processing with two attachments

15. Hugh Barber e-mail dated Feb. 28, 2013 to plaintiffs' counsel re spend-down processing timeliness *

   OBJECTION: Defendant objects to the admission of this document as a confidential settlement communication between counsel.

16. Monthly DSS "Pending Overdue Application Report" ("Alvarez/Intake Report") for January 2013

17. Monthly DSS "Pending Overdue Application Report" ("Alvarez/Intake  Report") for February 2013

18. DMF8030A-DMF-80271, Application Length Pending Report,  pp. 241-42 (January 2013)

19. DMF8030A-DMF-80271, Application Length Pending Report,  pp. 241-42 (February 2013)

20. Memo to Social Services Operations Managers and Eligibility Staff from Commissioner Bremby re Delay Reason Codes dated March 11, 2013

21. Supplemental  Memo from Commissioner Bremby re Delay Reason Codes dated March

   13, 2013

22. Medicaid Application Timeliness Summary Report (provided to plaintiffs' counsel on

   2/1/13)

23. Medicaid Application Timeliness Excel Sheet (Bates 192)

24. Email from Marc Shok to Commissioner Bremby and others dated 11/5/2012 re Medicaid Timeliness Application Length Pending Report with attached chart (Bates 666-667)

25. Email from Blake Shaw to Commissioner Bremby dated 10/29/2012 (Bates 1199-1201)

26. Email correspondence dated December 17, 2012 between Marc Shok and Louis Polzella, and including other members of litigation team, regarding Hugh Barber's Request for EMS Management Reports with attachments (Bates 547-554)

27. Chart of Application Timeliness Processing for Husky D (LIA) applications, June to September 2012, broken down by office (Bates 230)

28. Timeliness Narrative (Bates 183-84)

29. Email from Brenda Parrella to Hugh Barber dated 1/9/2013 re Lou Polzella's "Narrative for Hugh regarding the status of the App Timeliness Reports" (Bates 270-271)

30. DSS Medicaid Application Disposition Data Chart from June to October, 2012 (Bates 665)

31. DSS Internal e-mails re purpose of new data system (Bates 254-56, 528-29, 554, 711-13, 725-26)

32. Letter dated September 25, 2012 from Attorney George Bickford enclosing Medicaid Application for Robert Davis

33. Form 1348 sent to Robert Davis dated 11/11/12

34. DSS Uniform Policy Manual Section 1540.05

35. DSS Uniform Policy Manual Section 1540.05-P

36. DSS Uniform Policy Manual Section 1540.10

37. DSS Uniform Policy Manual Section 1540.10-P

38. E-mail dated February 7, 2012 from Darleen Klase to Commissioner Bremby re data for caseload and worker, with attachments (Briggs Bates #75119-32) *

   OBJECTION: Defendant objects to the admission of Exhibit 38 on relevancy grounds since the documents relate to staffing, which is not relevant to liability.

39. *Hartford Courant* article, "Families Rip State Social Services Agency" (July 17, 2012)(available at http://articles.courant.com/2012-07-17/news/hc-social-services-failing-0718-20120717_1_dss-bremby-eligibility) *

40. *CTNewsJunkie.com* article, "Advocates Rally To Diss DSS" (July 17, 2012)(available at http://www.ctnewsjunkie.com/ctnj.php/archives/entry/advocates_plan_rally_to_diss_dss) *

OBJECTION:  Defendant Objects to the admission of Exhibit 39 and 40 on the grounds of hearsay and relevancy.

41. Form 1348 sent to Intervener Mbaissouroum dated 11/17/11

42. Chart Summarizing Intake Reports found at Joint Stipulation of Facts Par 53

43. Chart of Application Pending (Disposition) Reports found at Joint Stipulation Par 69

44. Chart of Medicaid Timeliness Reports found at Joint Stipulation of Facts Par. 87

45. DSS Uniform Policy Manual Section 1505-40-P

46. Memorandum, dated June 22, 2013 from Commissioner Roderick Bremby to DSS

   eligibility staff re timely initiation of redeterminations and retention of eligibility.


## DEFENDANT'S TRIAL EXHIBITS

(Unless marked with an * the following the parties stipulate that the following exhibits may be admitted as full exhibits)

101.    DSS, UPM Regulation § 1555.30 providing that DSS makes "interim changes" within thirty days "whenever possible"

102.    XEROX' Proposal to the Department of Social Services, Medicaid Spend down Tracking, Referral, and DSS' July 13, 2012 Authorization to XEROX to Proceed

103.    "DSS/XEROX Spend Down Project," describing roles and responsibilities of XEROX and DSS staff in conducting reviews of "spend down" cases

104.    "XEROX/DSS Spend Down Processing," work flow document describing roles and responsibilities of XEROX and DSS staff in reviewing medical expenses for medically needy purposes

105.    DSS/XEROX Introductory Letters with attachments to medically needy clients explaining how spend down cases will be processed, where medical expenses should be submitted, etc.

106.    DSS/XEROX form letter, with administrative hearing rights, advising clients that submitted bills do not qualify for spend down consideration in the absence of additional verification

107.  DSS/XEROX form notice, with administrative hearing rights, advising spend down clients that submitted medical expenses qualify for spend down consideration but an insufficient dollar amount of medical expenses were incurred to reduce the clients excess income to the MNIL

108.  DSS/XEROX "Potentially Eligible" referral form XEROX utilizes to advise DSS that client appears to have satisfied his or her medically needy spend down obligation and that case should be reviewed and "activated" by DSS in order for additional medical expenses to be covered

109.  Example of a recent DSS form notice issued to a client that had submitted medical expenses that resulted in a determination that the client had satisfied his or her spend down obligation and was eligible for coverage of additional medical expenses incurred in six month spend down period.  The standard form notice contains notice of hearing rights.

110.  "DSS, Spend Down Medical Expense Outcomes," analyzing number of business days it took XEROX/DSS to adjudicate submitted medical expenses for medically needy eligibility purposes for months of October, November, and December, 2012, and January, 2013

111.  DSS "Spend Down Medical Expense Outcomes for January, 2013 in business days," analyzing number of spend down cases that were processed to an eligibility determination in various time frames in the month of January, 2013

112.  Ohio Department of Job and Family e-Manuals, Section 5101:1-39-10, addressing "Medicaid Eligibility Through the Spend Down Process"

113.  Missouri, Medical Assistance Manual, Section 0810.010.15.10 "authorizing Spend Down Coverage Based on an Incurred Medical Expenses"

114.  DSS, UPM Regulation § 1505.35D, "Use of Standard of Promptness"

115.  DSS, UPM Regulation § 1505.40B.4., "Delay Due to Good Cause"

116.  Plaintiffs' Reply Memorandum in Support of Motion for Preliminary Injunction, p. 6

117.  Memo to Regional Administrators from Kevin Loveland, Director of Assistance Programs, dated April 6, 2004, with attached reason codes for delayed applications

118.  Notices of Application Delay and Hearing Rights issued by DSS to Plaintiff Paul Shafer on September 23, 2011

119.  Memo dated February 9, 2012 from Commissioner Bremby, DSS, to Regional Administrators, Social Services Operations Managers and Eligibility Staff, Re:

Application Delay Reason Codes

120.   DSS Document entitled "Application Reason Codes," issued by Silvana Flattery to agency managers and supervisors regarding the monitoring and reporting of the accuracy of reason codes employed by DSS eligibility workers

121.   DSS "Overdue Reason Code Monitoring Log," submitted by agency managers to Silvana Flattery reporting on their finding as to the accuracy of reason codes employed by DSS eligibility workers in March, 2012

122.   Memo from Commissioner Brembly, DSS, to Social Services Operations Managers and Eligibility Staff, dated March 11, 2013, regarding "New Application Delay Reason Codes"

123.   Revised memo from Commissioner Brembly, DSS, to Social Services Operations Managers and Eligibility Staff dated March 13, 2013 regarding "New Application Delay Reason Codes – Revised"

124.   DSS IT "Work Request # 12474" regarding "New Application Delay Reason Codes"

125.   DSS, Training Plan – Reason Codes for Delayed Applications; Power Point Training, Eligibility Application Delay Reason Codes; Skill Check Application Delay; and instruction to staff on requirement to complete training

126.   Memo from Patrick Hearn, DSS, to Agency Operations Managers dated March 14, 2013 regarding "Supervisor and Managerial Review of the New Application Delay Reason Code," with attachments

127.   Excerpt Intake Report January 2011

128.   Excerpt Intake Report February 2011

129.   Excerpt Intake Report March 2011

130.   Excerpt Intake Report April 2011

131.   Excerpt Intake Report May 2011

132.   Excerpt Intake Report June 2011

133.   Excerpt Intake Report July 2011

134.   Excerpt Intake Report August 2011

135.   Excerpt Intake Report September 2011

136.    Excerpt Intake Report October 2011

137.    Excerpt Intake Report November 2011

138.    Excerpt Intake Report December 2011

139.    Excerpt Intake Report January 2012

140.    Excerpt Intake Report February 2012

141.    Excerpt Intake Report March 2012

142.    Excerpt Intake Report April 2012

143.    Excerpt Intake Report May 2012

144.    Excerpt Intake Report June 2012

145.    Excerpt Intake Report July 2012

146.    Excerpt Intake Report August 2012

147.    Excerpt Intake Report September 2012

148.    Excerpt Intake Report October 2012

149.    Excerpt Intake Report November 2012

150.    Excerpt Intake Report December 2012

151.    Excerpt Intake Report January 2013

152.    Excerpt Intake Report February 2013

153.    Timeliness Narrative *

        OBJECTION: Plaintiffs object to the admission of Exhibit 153 on the grounds that it
        requires authentication. The document has no date, no author or authors

154.    Excerpt Application Length Pending Report January 2011, pages 239-252

155.    Excerpt Application Length Pending Report February 2011, pages 239-252

156.    Excerpt Application Length Pending Report March 2011, pages 239-252

157. Excerpt Application Length Pending Report April 2011, pages 239-252

158. Excerpt Application Length Pending Report May 2011, pages 239-252

159. Excerpt Application Length Pending Report June 2011, pages 239-252

160. Excerpt Application Length Pending Report July 2011, pages 239-252

161. Excerpt Application Length Pending Report August 2011, pages 239-252

162. Excerpt Application Length Pending Report September 2011, pages 239-252

163. Excerpt Application Length Pending Report October 2011, pages 239-252

164. Excerpt Application Length Pending Report November 2011, pages 239-252

165. Excerpt Application Length Pending Report December 2011, pages 239-252

166. Excerpt Application Length Pending Report January 2012, pages 239-252

167. Excerpt Application Length Pending Report February 2012, pages 239-252

168. Excerpt Application Length Pending Report March 2012, pages 239-252

169. Excerpt Application Length Pending Report April 2012, pages 239-252

170. Excerpt Application Length Pending Report May 2012, pages 239-252

171. Excerpt Application Length Pending Report June 2012, pages 239-252

172. Excerpt Application Length Pending Report July 2012, pages 239-252

173. Excerpt Application Length Pending Report August 2012, pages 239-252

174. Excerpt Application Length Pending Report September 2012, pages 239-252

175. Excerpt Application Length Pending Report October 2012, pages 239-252

176. Excerpt Application Length Pending Report November 2012, pages 239-252

177. Excerpt Application Length Pending Report December 2012, pages 239-2

178. Excerpt Application Length Pending Report January 2013, pages 239-252

179. Excerpt Application Length Pending Report February 2013, pages 239-252

180. DSS Excel Report Showing Medical Waiver Overdue applications, February 2013

181. Timeliness Report *

   OBJECTION: Plaintiffs object to the admission of Exhibit 181 as a truncated version of the larger timeliness report stipulated to in the Joint Stipulations Par. 87. This version is misleading and prejudicial due to incomplete information.

182. 7 C.F.R. § 275.24, SNAP High Performance Bonuses *

183. Food and Nutrition Service FY 2011 SNAP Application Processing Timeliness *

184. 70 Fed. Reg. 6313, 6322 (Feb. 7, 2005)(to be codified at 7 C.F.R. pts. 272 and 275) *

   OBJECTION: Plaintiffs objection the admission of Exhibits 182-184 on the grounds of relevancy. These documents pertain to the SNAP (food stamp) program which is governed by different laws and different procedures.

185. November 11, 2012 W-1348 from DSS to George Bickford's office requesting information from Mr. Davis due by November 22, 2012

186. November 20, 2012 letter from George Bickford's office providing all items available to them in response to DSS's November 11, 2012 W-1348

187. November 29, 2012 letter from George Bickford's office providing additional items responsive to the November 11, 2012 W-1348

188. December 5, 2012 fax from George Bickford's office to DSS providing one additional item responsive to the November 11, 2012 W-1348

189. December 11, 2012 letter from George Bickford's office to DSS providing two additional items responsive to the November 11, 2012 W-1348

190. December 19, 2012 letter from George Bickford's office to DSS providing one additional item responsive to the November 11, 2012 W-1348

191. January 7. 2013 letter from George Bickford's office to DSS with additional information

192. January 25, 2013 letter from George Bickford's office to DSS stating its belief that all requested information had been provided

193. February 6, 2013 fax from George Bickford's office to the DSS hearing office requesting an administrative hearing

194.   February 14, 2013 letter from George Bickford's office to DSS providing information responsive to DSS's second W-1348 faxed to George Bickford's office on February 6, 2013

195.   December 21, 2012 letter and business reply return envelope to Jeri James advising that she was to submit medical bills to the HUSKY Spend-down Processing Center

196.   State Medicaid Manual Foreword *

       OBJECTION:  Plaintiffs object to Exhibit 196 on the grounds of relevancy

197.   State Medicaid Manual § 3628, Deduction of Incurred Medical and Remedial Care Expenses (SPENDDOWN) *

       OBJECTION:  Plaintiffs object to Exhibit 197 on the grounds of relevancy

198.   DSS Provider Bulletin 2012-42, New Medicaid (HUSKY) Spend-down Procedures, September 2012 *

       OBJECTION:  Plaintiffs object to Exhibit 198 on the grounds of relevancy

Plaintiffs


By: _____/s/_____     5/10/13
        Attorney Sheldon Toubman (ct01444)    Date
        Attorney Shelley White (ct05727)
        New Haven Legal Assistance Assoc.
        426 State Street
        New Haven, CT 06510
        203.946.4811
        203.498.9271 (fax)
        stoubman@nhlegal.org
        swhite@nhlegal.org



Defendant


By    _____/s/_____     5/10/13
        Hugh Barber (ct05731)                Date
        Rosemary M. McGovern (ct19594)
        Jennifer Callahan (ct 29033)
        Assistant Attorneys General
        55 Elm Street, P.O. Box 120
        Hartford, CT 06141-0120
        Tel: (860) 808-5210
        Fax: (860) 808-5385
        Hugh.barber@ct.gov
        Rosemary.mcgovern@ct.gov
        Jennifer.callahan@ct.gov